*703 MEMORANDUM ***
Because the BIA adopted and affirmed the IJ’s decision, any arguments Rosas raised before the IJ were exhausted. Abebe v. Gonzales, 432 F.3d 1037, 1041 (9th Cir.2005) (en banc). Rosas argued before the IJ that she was eligible for cancellation of removal because the INS’s service of the notice to appear on Ronald did not end the running of the required ten-year period of continuous physical presence in the United States under 8 U.S.C. § 1229b(b)(l)(A), (d)(1)(A). We therefore have jurisdiction to consider this argument, and we find it to be without merit.
The statutory ten-year period stops running when an “alien is served a notice to appear.” 8 U.S.C. § 1229b(d)(l). Rosas conceded, through counsel, that she was properly served with the notice to appear on August 20, 1997, which was before she accumulated the requisite period of continuous physical presence. Rosas argues that, because of Ronald’s fraud, the period of her continuous physical presence should not stop on the date she was served with the notice to appear, but instead should continue accruing until the time when Martinez began to represent her. Under this approach, Rosas would have accrued the requisite ten years of continuous physical presence. We must reject this argument, because we are aware of no basis for making an equitable exception to 8 U.S.C. § 1229b(d)(l) where the petitioner has conceded proper service of the notice to appear. Rosas’s citations support only the contention that equitable tolling is available for statutes of limitations.
Rosas’s appeal of the IJ’s denial of her motion to suppress the information that Ronald provided in connection with her asylum application is also without merit. The IJ found that Ronald was not a de facto government agent, and this finding was supported by substantial evidence. There was therefore no violation of Rosas’s Fourth Amendment rights. See United States v. Sherwin, 539 F.2d 1, 5-6 (9th Cir.1976) (en banc). Nor could Ronald’s actions, which occurred before Rosas was placed in removal proceedings, deprive Ro-sas of due process under the Fifth Amendment. See Balam-Chuc v. Mukasey, 547 F.3d 1044, 1050 (9th Cir.2008).
Rosas argues that the government should be estopped from initiating removal proceedings due to its failure to enforce the Attorney General’s regulations or seek criminal prosecution of Ronald for his conduct. We lack jurisdiction over this estop-pel claim because it was not exhausted before the IJ. See Garcia-Martinez v. Ashcroft, 371 F.3d 1066, 1079 n. 5 (9th Cir.2004).
Martinez’s allegedly ineffective assistance of counsel did not deprive Rosas of due process of law because none of the mistakes Rosas identifies was prejudicial. See Lata v. INS, 204 F.3d 1241, 1246 (9th Cir.2000). It is undisputed that the relative visa petition that Martinez filed for Ortega on Rosas’s behalf was baseless. Accordingly, filing the petition with the California Service Center, rather than with the District Director, did not affect the outcome of the proceedings. Martinez’s decision to concede the facts contained in the notice to appear was not prejudicial because the government already had evidence of Rosas’s alienage from the asylum application filed by Ronald.
*704 PETITION DENIED IN PART AND DISMISSED IN PART.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.